IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KACI IRVIN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>GMRI, INC. d/b/a OLIVE GARDEN d/b/a OLIVE GARDEN ITALIAN RESTAURANT, and OLIVE GARDEN HOLDINGS, LLC,<br><br>    Defendants. | CASE NO.   CIV-21-619-C |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1332 and 1441(b), Defendants GMRI, Inc. d/b/a Olive Garden d/b/a Olive Garden Italian Restaurant, and Olive Garden Holdings, LLC (hereinafter referred to as "Defendants"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the District Court of Cleveland County for the State of Oklahoma, to the United States District Court, Western District of Oklahoma. The removal is based, specifically, on the following grounds:

### PLEADINGS, PROCESS, AND ORDERS

1.     On April 9, 2021, Plaintiff Kaci Irvin (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the District Court of Cleveland County for the State of Oklahoma by filing a Petition therein entitled *Kaci Irvin v. GMRI, Inc., d/b/a Olive Garden d/b/a Olive Garden Italian Restaurant, and Olive Garden Holdings, LLC*, Case No.

4827-9092-6061.1

CJ-2021-335(W). True and correct copies of the following documents are attached hereto and incorporated herein by reference as follows:

    a.    Exhibit 1 Petition;

    b.    Exhibit 2 State Court Docket Sheet.

2.    Plaintiff's Summons and Petition were served upon Defendants to their agent for service of process on May 17, 2021.

3.    The attached exhibits 1-2 constitute all process, pleadings, and orders served upon Defendant in this matter.

## **DIVERSITY**

4.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. See Petition – Wherefore Clause.  Accordingly, this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

5.    Upon information and belief, Plaintiff was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of Oklahoma.

6.    Defendant Olive Garden Holdings, LLC is a limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

7.  Defendant Olive Garden Holdings, LLC, is a limited liability company organized under the laws of the State of Florida, with its principal place of business located at 1000 Darden Center Drive, Orlando, Florida, 32837. Olive Garden Holdings, LLC is a wholly owned subsidiary of Defendant GMRI, Inc. GMRI, Inc. is a wholly owned subsidiary of Darden Restaurants, Inc. It is a corporation organized and existing under the laws of Florida with its principal place of business located at 1000 Darden Center Dr., Orlando, FL 32837. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendants.

## **AMOUNT IN CONTROVERSY**

8.  Plaintiff's Petition sets forth a cause of action for negligence. See Petition - Exhibit 1.  Plaintiff alleges he was injured when, after advising her server that she was allergic to tequila and requested vodka she suffered an allergic reaction because she was allegedly served tequila.  Plaintiff alleges she suffered injuries, both mental and physical, and that she suffered damages in an amount in excess of $75,000.00.  See Petition — Exhibit 1.

9.  The amount in controversy is determined from the allegations in the complaint. 28 U.S.C. § 1446(c)(2); *see Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). As noted above, here, Plaintiff alleges that he has suffered in excess of $75,000, the statutory threshold for diversity jurisdiction pursuant to 28 U.S.C. § 1332, in damages. Petition — Exhibit 1. Accordingly, this Court's jurisdiction is properly invoked.  The amount in controversy here exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

## **TIMELINESS OF REMOVAL**

10. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of Plaintiff's Petition, which indicated that the matter is removable. 28 U.S.C. § 1446(b)(1). Further, the instant removal is within one year of the commencement of the underlying action as required by 28 U.S.C. § 1446(c)(1). As noted, Plaintiff commenced this action on April 9, 2021.

11. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. Sections 1332 and 1441(b).

/s/ Jeremy K. Schrag
Jeremy K. Schrag, OBA # 33429
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316-609-7900
Facsimile: 316-462-5746
jeremy.schrag@lewisbrisbois.com

and

/s/ Andrew M. Gunn (w/consent)
Andrew M. Gunn, OBA #19470
Durbin Larimore Bialick
920 North Harvey
Oklahoma City, Oklahoma 73102
Telephone: 405-235-9584
Facsimile: 405-235-0551
dlb@dlb.net

*Attorneys for Defendants*

4827-9092-6061.1

## CERTIFICATE OF SERVICE

I certify that on June 16 , 2021, I filed the original of the above and foregoing Notice of Removal which will send notice to all counsel of record.

/s/ Jeremy K. Schrag
Jeremy K. Schrag
